JUDGE PAULEY

14 CV 3090

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ABRAHAM ALMANZAR,

          Plaintiff,

-against-

THE CITY OF NEW YORK and DETECTIVE
RAMU HILLER (Shield 362), UNDERCOVER
OFFICER (#CO257, Shield 257 of Narcotics
Borough Manhattan North), DETECTIVE SQUAD
SUPERVISOR ARLENE CONWAY (Tax No 922150),
and POLICE OFFICERS JOHN DOE 1-10,
Individually and in their Official Capacities,

          Defendants.
------------------------------------------------------------x

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

RECEIVED MAY - 1 2014 S.D.C. S.D.N.Y. CASHIERS

Plaintiff, ABRAHAM ALMANZAR, by and through his attorneys, **Fisher, Byrialsen & Kreizer PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff, ABRAHAM ALMANZAR, seeks relief for defendants' violations, under color of state law, of his rights, privileges and immunities secured by 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988; the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; and the Constitution and laws of the State of New York.

2. Defendants THE CITY OF NEW YORK, DETECTIVE RAMU HILLER (Shield 362), UNDERCOVER OFFICER (#CO257, Shield 257 of Narcotics Borough Manhattan North), DETECTIVE SQUAD SUPERVISOR ARLENE CONWAY (Tax No 922150), and POLICE OFFICERS JOHN DOE 1-10, as Officers of the New York City Police Department, individually

and, as the case may be, in their official capacities, jointly and severally, did cause Plaintiff to be subject to, *inter alia*, false arrest and false imprisonment, malicious prosecution, and emotional distress, causing his loss of liberty and physical and mental injury.

3. Plaintiff seeks (i) compensatory damages for psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional laws; and (iii) such other and further relief, including costs and attorneys fees, as this court deems equitable and just.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

5. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

## VENUE

6. Venue is properly laid in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b)(2), this being the District in which the claims arose.

## TRIAL BY JURY

7. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

8. At all times relevant hereto Plaintiff was and is a resident of the County and State of New York.

9. At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York, created under the authority of the laws and Constitution of the State of New York and which, under the enabling law of the State of New York, among other powers, owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

10. At all times relevant to this action, defendants DETECTIVE RAMU HILLER (Shield 362), UNDERCOVER OFFICER (#CO257, Shield 257 of Narcotics Borough Manhattan North), DETECTIVE SQUAD SUPERVISOR ARLENE CONWAY(Tax No 922150), and POLICE OFFICERS JOHN DOE 1-10, are and were police officers employed by the New York City Police Department," and acting under color of state law. They are being sued in both their individual and official capacities.

11. At all times relevant hereto and in all their actions described herein, the Defendants DETECTIVE RAMU HILLER (Shield 362), UNDERCOVER OFFICER (#CO257, Shield 257 of Narcotics Borough Manhattan North), DETECTIVE SQUAD SUPERVISOR ARLENE CONWAY(Tax No 922150), and POLICE OFFICERS JOHN DOE 1-10, as officers of the New York City Police Department (hereinafter "NYPD"), were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

12. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD. They are being sued both in their individual and official capacities.

## FACTS

13. On March 4, 2013 near or around 2:40 p.m., Plaintiff, a Hispanic male twenty-five years of age, was picking up his five year old step-daughter, Angelee Garcia, from P.S. 128, located at 560 169th Street in the County and State of New York.

14. Plaintiff resides with his step-daughter Angelee Garcia and his wife, Mary Ann Mendoza, at 560 W 163rd Street, Apartment 21, New York, New York 10032.

15. Plaintiff drove Angelee Garcia from P.S. 128 to their apartment complex and dropped her off at the front entrance to her mother.

16. At this time, Plaintiff noticed that there was no parking available in front of his apartment complex. Rather than circle the block to find parking, he temporarily double parked his vehicle to wait for a parking spot to become available.

17. While waiting continuing to wait for available parking, near or around 3:40 p.m., Plaintiff noticed an undercover cop run across the street with his gun drawn and pointed directly at Plaintiff. The undercover cop, now known to be UNDERCOVER OFFICER (#CO257, Shield 257 of Narcotics Borough Manhattan North), was dressed in plain clothes and did not display a badge; however he stated to Plaintiff "open the fucking door before I shoot you, police."

18. Additional officers including DETECTIVE RAMU HILLER (Shield 362), DETECTIVE SQUAD SUPERVISOR ARLENE CONWAY(Tax No 922150), and POLICE OFFICERS JOHN DOE 1-10 come to the scene. In front of 563 W 163rd Street, Plaintiff was

thrown to the ground; handcuffed behind his back; searched; and placed under arrest without probable cause.

19. Plaintiff was placed into a police van while one of the officers parked Plaintiff's car in an available spot.

20. Plaintiff was in the police van with an individual named Alan Paret, forty-eight years old, the actual target of an undercover buy with UNDERCOVER OFFICER (#CO257, Shield 257 of Narcotics Borough Manhattan North) near or around the time and area of when Plaintiff dropped his step-daughter off at their apartment. Plaintiff did not have any interaction or conversations with the individual named Alan Paret on that day.

21. Plaintiff was detained in the police van until approximately 8:00 p.m. while the officers did several unrelated arrests on the Upper West Side. Plaintiff was ultimately taken to the 25th Police Precinct located on 119th Street and Park Avenue in the County and State of New York.

22. Plaintiff was strip searched at the precinct. He was forced to remove every piece of clothing and told to remain in a squatting position while an officer physically inspected his anus and genitals. At this time Plaintiff was not told he was being charged with any narcotics related offense.

23. Plaintiff spent the night in prison and was forced to sleep on the concrete floor.

24. Plaintiff was arraigned the following afternoon on March 5, 2013; told for the first time that he was charged with a misdemeanor, PL 221.40 criminal sale of marijuana in the fourth degree; and was released on his own reconnaissance.

25. Plaintiff was not personally found to be in possession of any narcotics when he was arrested or at the precinct when he was stripped searched.

26. From March 5, 2013 to November 12, 2013, Plaintiff was required to make five court appearances for this matter. His case was ultimately dismissed and sealed on November 12, 2013 by motion of the District Attorney's Office for failure to prove his case beyond a reasonable doubt.

27. Plaintiff was caused psychological pain and emotional distress from his false arrest, false imprisonment, and malicious prosecution. His emotional distress continues to this day.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

28. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

29. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

30. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, but not limited to:

    a. the right to be free from regulation or censorship of expressive speech,

    b. the right to be free from unreasonable searches of his person,

    c. the right to be free from unreasonable seizure of his person, including excessive force,

    d. the right to be free from arrest without probable cause,

e. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which detention, plaintiff was aware and to which he did not consent,

f. the right to be free from the lodging of false charges against him by police officers,

g. the right to be free from abuse of process,

h. the right to be free from deprivation of liberty without due process of law, and

i. the right to equal protection, privileges and immunities under the laws.

31. All of the aforementioned acts were carried out in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

34. By these actions, these defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST

35. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

36. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

37. As a result of his false arrest, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, and disgrace and was deprived of his liberty.

## THIRD CLAIM FOR RELIEF:
## FALSE IMPRISONMENT

38. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

39. As a result of his false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION

40. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

41. By the actions described above the defendants THE CITY OF NEW YORK, DETECTIVE RAMU HILLER (Shield 362), UNDERCOVER OFFICER (#CO257, Shield 257 of Narcotics Borough Manhattan North), DETECTIVE SQUAD SUPERVISOR ARLENE CONWAY(Tax No 922150), and POLICE OFFICERS JOHN DOE 1-10 maliciously and without probable cause, prosecuted the Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law right as guaranteed by the laws and constitution of the State of New York.

42. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

### FIFTH CLAIM FOR RELIEF: FAILURE TO INVESTIGATE

43. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44. All of the aforementioned acts of Defendants THE CITY OF NEW YORK, DETECTIVE RAMU HILLER (Shield 362), UNDERCOVER OFFICER (#CO257, Shield 257 of Narcotics Borough Manhattan North), DETECTIVE SQUAD SUPERVISOR ARLENE CONWAY(Tax No 922150), and POLICE OFFICERS JOHN DOE 1-10, their agents, servants, and employees constituted a complete failure to investigate whether Plaintiff, had any involvement whatsoever in the case, or whether, as with what actually happened, he was an innocent bystander, when the defendant Police Officers arrested him.

45. In the absence of any exigent circumstances, and absence of any overt acts of criminality permitting probable cause for arrest, the defendant Police Officers' complete failure to investigate fell far short of a complete investigation where the law enforcement officers would not have been unduly hampered if they had waited to obtain more facts before seeking to arrest the Plaintiff, and where a minimal further investigation would have exonerated the Plaintiff.

46. As a result of the foregoing, Plaintiff was deprived of his liberty, endured great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

## FIFTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

47. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

48. The acts complained of herein were carried out by the defendants DETECTIVE RAMU HILLER (Shield 362), UNDERCOVER OFFICER (#CO257, Shield 257 of Narcotics Borough Manhattan North), DETECTIVE SQUAD SUPERVISOR ARLENE CONWAY(Tax No 922150), and POLICE OFFICERS JOHN DOE 1-10 in their capacities as police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

49. Prior to March 4, 2013, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in NYC, which caused the violation of plaintiff's rights.

50. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

51. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by people in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to people's constitutional rights.

52. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

53. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

54. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

55. As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

56. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

57. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

58. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

59. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

    c. To be protected against violations of his civil and constitutional rights;

    d. Not to have cruel and unusual punishment imposed upon his; and

    e. To receive equal protection under the law.

## SIXTH CLAIM FOR RELIEF: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 U.S.C. § 1983, 1985, 1986

60. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

61. All the defendants, acting with each other individually and on behalf of and under the auspices and control of the City, and under color of law, conspired to injure Plaintiff in his person and property and deprive Plaintiff of his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. The defendants jointly caused such deprivation of rights by acting in concert

to disseminate false information concerning the Plaintiff and by disseminating false information that lacked any reasonable basis or probable cause to support it that the Plaintiff committed a crime, and/or to charge him with a crime, and/or to arrest him.

62. The defendants further deprived the plaintiff of his due process rights specifically by conspiring to and assisting in the arrest of the Plaintiff without probable cause and participating in the prosecution of plaintiff; by denying the Plaintiff his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights via a conspiracy to deprive the plaintiff of his liberty and taking his property without due process and compensation; conspiring together to cover up the misconduct they committed; and preventing the Plaintiff from being compensated for his wrongful arrest, for the loss of his constitutional rights, the loss of his job and for the emotional harm he suffered.

63. The aforesaid actions by the defendant police officers were done pursuant to an official municipal policy or custom of the city and state, which policy involved the indiscriminate detention, interrogation, intimidation, denial of medical attention, and prosecution of individuals who were not engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

64. The defendants' failure to stop these wrongful acts and actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

65. The defendants knew or should have known that the misconduct and false and fabricated accusations and/or charges against plaintiff were violative of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights to due process and equal protection, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

66. Said defendants had the power to prevent the continued due process violations against the plaintiff, yet had failed to prevent the dissemination of false information and/or to dismiss the fabricated accusations and charges against plaintiff, and/or to protect the plaintiff from the unwarranted and potential harm and penalties of said charges.

67. Defendants herein, their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive Plaintiff of his federal civil and constitutional rights, in violation of 42 U.S.C. § 1985.

68. All of the aforementioned acts of Defendants constituted a violation of Plaintiff's civil rights provided to him under the United States Constitution and 42 U.S.C. § 1983, 1985, and 1986.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs expended on his behalf as to such Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1988; and

4. Such other and further relief as this Court deems just and proper.

DATED:    New York, New York
          May 1, 2014

                                    Respectfully submitted,

                                    */s/ Kaitlin F. Nares*
                                    Kaitlin F. Nares, Esq. (KN2953)
                                    FISHER, BYRIALSEN & KREIZER PLLC
                                    *Attorney for Plaintiff*
                                    291 Broadway, Suite 709
                                    New York, New York 10007
                                    (212) 962-0848